**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| United States of America, | Crim. No. 22-67 (MJD/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| (1) Clifton Earl Jiles, | |
| Defendant. | |

---

David P. Steinkamp, Esq., United States Attorney's Office, counsel for Plaintiff.

Shannon R. Elkins, Office of the Federal Defender, counsel for Defendant Moore.

---

This action is before the Court on various pretrial motions filed by Defendant Jiles. Because of the nature of the motions filed, no hearing is necessary. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

1. **Defendant's Pretrial Motion for Disclosure of Rule 404 Evidence.**

Defendant Jiles moves for immediate disclosure of any evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404. The Government represents that it will comply with the Rule 404 notice requirement and is agreeable to disclosure 14 days prior to trial. Defendant's Pretrial Motion for Disclosure of Rule 404 Evidence **(Doc. No. 16)** is **GRANTED IN PART** to the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial.

2. **Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.** Defendant Jiles moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government represents that it will continue to comply with its *Brady* and *Giglio* obligations. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant **(Doc. No. 17)** is **GRANTED**. This Court agrees with those courts who have found that "under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the government has additional obligations deriving from the Fifth Amendment to disclose exculpatory material, and the limitations on discovery contained in the Jencks Act do not lessen those obligations." *United States v. Tarantino*, 846 F.2d 1384, 1414 n. 11 (D.C. Cir. 1988); *see also United States v. Poindexter*, 727 F. Supp. 1470, 1485 (D.D.C. 1989) ("The *Brady* obligations are not modified merely because they happen to arise in the context of witness statements."). This Court also agrees with those courts, including one from this District, who have determined that because of the *Brady* obligations, the Government must produce exculpatory evidence, no matter what form it comes in, immediately. *See Poindexter*, 727 F. Supp. at 1485 ("The government therefore has the obligation to produce to defendant immediately any exculpatory evidence contained in its Jencks materials, including exculpatory impeachment material, to the extent that the government is aware of such material, and it is so ordered."); *United States v. Martin*, No. 18-CR-268 (PJS/TNL), 2019 WL 2171815, at *2 (D. Minn. May 20, 2019) ("This ruling, however,

does not permit the Government to withhold disclosure of materials encompassed by the Jencks Act which need be disclosed pursuant to other authorities, including *Brady, Giglio*, and their progeny."). This Court therefore finds that fairness and justice requires that Jencks Act statements that also constitute *Brady* material should be disclosed now. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed. Identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

    3.    **Defendant's Pretrial Motion for Discovery and Inspection.** Defendant Jiles requests an order requiring the Government to disclose or permit discovery, inspection, and copying of various things pursuant to Fed. R. Crim. P. 12 and 16. The Government represents that it will continue to comply with its discovery obligations under the Rules and applicable case law. Defendant's Pretrial Motion for Discovery and Inspection **(Doc. No. 18)** is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12 and 16, and is not already moot. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial. This Court agrees with those courts who have found that "under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the government has additional obligations deriving from the Fifth Amendment to disclose exculpatory

material, and the limitations on discovery contained in the Jencks Act do not lessen those obligations." *United States v. Tarantino*, 846 F.2d 1384, 1414 n. 11 (D.C. Cir. 1988); *see also United States v. Poindexter*, 727 F. Supp. 1470, 1485 (D.D.C. 1989) ("The *Brady* obligations are not modified merely because they happen to arise in the context of witness statements."). This Court also agrees with those courts, including one from this District, who have determined that because of the *Brady* obligations, the Government must produce exculpatory evidence, no matter what form it comes in, immediately. *See Poindexter*, 727 F. Supp. at 1485 ("The government therefore has the obligation to produce to defendant immediately any exculpatory evidence contained in its Jencks materials, including exculpatory impeachment material, to the extent that the government is aware of such material, and it is so ordered."); *United States v. Martin*, No. 18-CR-268 (PJS/TNL), 2019 WL 2171815, at *2 (D. Minn. May 20, 2019) ("This ruling, however, does not permit the Government to withhold disclosure of materials encompassed by the Jencks Act which need be disclosed pursuant to other authorities, including *Brady, Giglio*, and their progeny."). This Court therefore finds that fairness and justice requires that Jencks Act statements that also constitute *Brady* material should be disclosed now. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed. Identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

4.      **Defendant's Motion for Early Disclosure of Jencks Act Material.**

Defendant Jiles moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, requesting disclosure of Jencks Act material no later than two weeks prior to the commencement of trial. The Government opposes being compelled by Court order to disclose such material, but represents that it will voluntarily provide the defense with Jencks Act materials five business days prior to trial if the Defendant reciprocates. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Material **(Doc. No. 19)** is **DENIED**. Nothing in this Order, however, precludes the Government from voluntary disclosure of Jencks Act material no later than five days prior to trial as the Government represents it will do if Defendant provides reciprocal disclosure.

5.      **Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence.** Defendant Jiles moves for an order requiring law enforcement agents to retain and preserve all rough notes taken and evidence seized as part of their investigation into this case. The Government does not oppose the motion. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence **(Doc. No. 20)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

6.      The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Michael J. Davis.

Date:  July 23, 2022

 *s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge
